Rowland Davis et al  
vs. Eq. No. 10008.  
Floyd C. Kneeland, et al.

### June 19, 1931.

BLODGETT, P. J. Bill in equity to have a certain deed from Floyd C. Kneeland to his wife, dated November 29, 1929, declared a conveyance in fraud of creditors and void.

Complainants are co-partners doing a stock brokerage business in Boston, Massachusetts, as Blake Bros. & Co.

Respondent is in business in Providence as an employee under a salary. He entered into certain transactions with Blake Bros. & Co. involving purchase of stocks under the instalment plan.

Complainants claim that on October 7, 1929, there was a balance due them on said account of $3,516.42. February 4, 1930, complainants commenced an action at law in this Court and attached the interest of said respondent, Floyd C. Kneeland, in the real estate described in said deed, which action is now pending.

The answer of respondents denies that the deed aforesaid was made for the purpose of defrauding creditors.

Sec. 1, Chap. 297, Gen. Laws 1923, provides that any conveyance of lands —contrived in fraud—to hinder, delay or defraud creditors, shall be deemed void as to such creditors.

"When a Court finds a transfer fraudulent in law as against creditors its next step is to ascertain whether the parties to the cause were creditors. * * * This it can do, either by awaiting the outcome

of the pending suits at law but is not bound to do so, * * *."

*Mariangela Bellini* vs. *Neal*, 50 R. I. 283 (Syllabus).

Paul Seveness, in charge of the Providence office of complainant, testified the stock was sold to Kneeland in August, 1929; that the shares were never delivered; that Kneeland requested that delivery be postponed until his return from a vacation two weeks after Labor Day; that Kneeland was ill and he had several talks with Mrs. Kneeland over the telephone; that the general tenor of the talks was as to trying to find ways and means to make payments.

Floyd C. Kneeland testified that he bought the property in 1924; that he was living in same; that he had funds with Davis & Davis (stock brokers in Providence) to take delivery of stocks; that he was suffering from a "shock" during this period in October, 1929, and that he made this conveyance to his wife on account of his physical condition and not to defraud his creditors; that during this period he had a number of conferences with agents of complainant; that no consideration passed from his wife for the conveyance; that he did not get out of bed until the middle of November.

All this occurred during the memorable break in stocks on the New York Stock Exchange and respondent was one of many others in that unfortunate experience. His stock was closed out and the balance claimed due resulted from the drop in the price of stock.

At the time of making the conveyance he knew, as far as the record shows, that this balance was due and unpaid.

The Court is of the opinion that the respondent made the conveyance without a valid consideration, with knowledge of the claim of complainants, and as to complainants it was a fraudulent conveyance.

Decree may be entered accordingly.

For complainants: Edwards & Angell.

For respondents: Voigt, O'Neill & Wright.